**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                )
UNITED STATES OF AMERICA,       )
                                )
            v.                  ) Criminal Action No. 09-135 (RWR)
                                )
IESHA NICOLE ARMSTRONG,         )
                                )
            Defendant.          )
_____)

### MEMORANDUM ORDER

Defendant Iesha Armstrong was convicted of bank robbery and unlawful possession of a firearm by a convicted felon and was sentenced to seven years in prison. Armstrong now moves to reduce her sentence. Because Armstrong has not demonstrated that she is entitled a reduction, her motion will be denied.

Armstrong pled guilty to armed bank robbery, in violation of 18 U.S.C. § 2113, and using, carrying, or possessing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 922(g). As part of her plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), the government recommended a sentence of seven years. Armstrong was permitted under the terms of that plea agreement to withdraw her plea if the court did not accept the recommended sentence. On May 28, 2010, Armstrong was sentenced to serve concurrent prison terms of seven years followed by three years of supervised

release, and to pay $200 in special assessments and $8,350 in restitution.

Armstrong now moves to reduce her sentence from 84 months to 60 months, explaining that her "life has changed drastically" since being imprisoned and that she is "now mindful that the choices that I make in life not only affect me, but my family and others who love and care for me."  Mot. for Sentence Reduction at 1.  The United States opposes, arguing that none of the bases for reducing a sentence under 18 U.S.C. § 3582(c) is applicable.  Govt.'s Opp'n to Reduction in Sentence at 2. Armstrong did not reply.

"Under 18 U.S.C. § 3582(c) a court may modify a sentence only in three circumstances: (1) on motion of the Bureau of Prisons, (2) 'to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure,' and (3) to reflect a post-sentence reduction in the applicable sentencing guidelines."  United States v. Morris, 116 F.3d 501, 504 (D.C. Cir. 1997) (quoting 18 U.S.C. § 3582(c)). In turn, Rule 35 of the Federal Rules of Criminal Procedure permits modification to correct an "arithmetical, technical, or other clear error" within 14 days, or, upon motion from the government, for "substantial assistance in investigating or prosecuting another person."  Fed. R. Crim. P. 35.

None of the conditions in § 3582(c) applies here. The Bureau of Prisons has not made a motion to modify Armstrong's sentence, nor has the government moved under Rule 35 to reduce Armstrong's sentence for substantial assistance. This motion comes more than 14 days after sentencing, and does not allege an arithmetical, technical, or other clear error. Armstrong also does not allege that there has been a change in the applicable sentencing guidelines that would justify reducing her sentence, nor does she point to any other statutory basis for modification. While Armstrong's efforts to improve her life are admirable, there is no legal basis for reducing Armstrong's sentence. Thus, it is hereby

ORDERED that Armstrong's motion [48] to reduce her sentence be, and hereby is, DENIED. It is further

ORDERED the government's motion [51] for an extension of time to file a response be, and hereby is, GRANTED nunc pro tunc.

SIGNED this 13th day of January, 2014.


_____/s/_____
RICHARD W. ROBERTS
Chief Judge